# UNITED STATES DISTRICT COURT

## for the

_____ District of _____

_____ Division

FILED
NOV 09 2023
IN THIS OFFICE
Clerk U.S. District Court
Greensboro
By _____

Case No. _____

_____

*(to be filled in by the Clerk's Office)*

**Albert Marquavious Lamar Anderson**

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

–v–

**Novant Health**

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     Albert Marquavious Lamar Anderson

All other names by which

you have been known:

ID Number     1289734

Current Institution     Foothills Correctional Institution

Address     5150 Western Ave

Morganton     NC     28655

         *City*        *State*        *Zip Code*

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name     Novant Health

Job or Title *(if known)*     Medical Care

Shield Number

Employer     Hospital

Address

Winston-Salem     NC     27101

      *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

Name     Davie County Sheriffs Office

Job or Title *(if known)*

Shield Number

Employer

Address     UNKNOWN

Mocksville     NC

      *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

Case 1:23-cv-00974-LCB-LPA   Document 2   Filed 11/09/23   Page 2 of 29

Defendant No. 3

| | |
|---|---|
| Name | Davie County Law Enforcement Detention center |
| Job or Title *(if known)* | Jail |
| Shield Number | |
| Employer | |
| Address | Unknown |
| | Mocksville          NC |
| | City          State          Zip Code |

[ ] Individual capacity  [✓] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Medical Provider |
| Job or Title *(if known)* | Medical care |
| Shield Number | |
| Employer | |
| Address | Davie County Law Enforcement Detention Center |
| | Mocksville          NC |
| | City          State          Zip Code |

[✓] Individual capacity  [✓] Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
DEFENDANTS DEPRIVED THE PLAINTIFF OF THE BASIC NECESSITIES OF LIFE TO INCLUDE FOOD CLOTHS HYGIENE AND EVEN TRASH 200 DOLLARS WORTH OF COMMISARY TO INCLUDE HYGIENE WHICH WAS DONE BY THE CAPTAIN JANE DOEZ IN ADEQUATE MEDICAL TREATMENT HARRASMENT EXCESSIVE FORCE VIOLATION OF THE EIGHTH AMENDMENT FOURTH AND FIRST OF THE COUNTRY CONSTITUTION

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. DEFENDANTS POLICY AND PROCEDURE BY VIRTUE OF THERE OFFICE CAUSE PAIN AND SUFFERING UNBARIBLY TO PLAINTIFF WHO SUFFERS HEPATITIS WHICH HAS INTENTIONALLY GONE UNTREATED BY DEFENDANT CONTINUOUS MISCONDUCT DEFENDANT ARE USING MILITARY TACTICS TO PREFORM HEPNOTIC ON PLAINTIFF WHO IS TRYING TO REMAIN STRONG BUT IS OUTNUMBERED DEFENDANTS DESERVE TO ANSWER FOR WHAT NECESSITATED THIS COMPLAINT GOD

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose. NOVANT HEALTH OF FORSYTH COUNTY DISCRIMINATED AGAINST I THE PLAINTIFF WHO NEEDED VERY SERIOUS MEDICAL TREATMENT FOR AN ILLNESS THAT CAUSES CHRONIC PAIN AND SYMPTOMS HARD TO DEAL WITH DEFENDANTS DISREGARDED I THE PLAINTIFFS MEDICAL NEEDS AND DISPLAYED CARELESNESS AND A DELIBERATE INDIFFERENSE

B. If the events giving rise to your claim arose in an institution, describe where and when they arose. ON SEPTEMBER 26th 2023 I THE PLAINTIFF WAS ENROLLED INTO DAVIE COUNTY DETENTION CENTER WITHOUT PROPER SCREENING WHICH BY POLICY AND PROCEDURES IS REQUIRED BUT A DISCRIMINATION WAS DISPLAYED FOR RACE AND ABILITY AND MAYBE BLOOD ON I THE PLAINTIFF PERSON BUT GOD WILL HAVE HIS WAY

C. What date and approximate time did the events giving rise to your claim(s) occur?

SEPTEMBER 26th 2023
OCTOBER 5th 2023
OCTOBER 6th 2023

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I THE PLAINTIFF HAVE BEEN DEPRIVED AN THE WORST WAY EVER AND LEFT FOR DEAD BY DEFENDANTS IN SOME TYPE OF EVIL RITUAL RECITEMENT DEFENDANTS SEEM TO NOT CARE ABOUT I THE PLAINTIFFS SERIOUS MEDICAL NEEDS AND FOR SYMPTOMS AS SERIOUS AS HEPITITIS AND A BLOOD DISEASE WHY WHY WOULD THEY DISCHARGE ME WITHOUT ADEQUATE TREATMENT WHY CANT I THE PLAINTIFF HAVE EQUAL PROTECTION OF RIGHTS THERE JUST GOING TO LET I THE PLAINTIFF DIE

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. BUSTED LEFT KNEE CAP, PIERCED FROM BOB WIRE AND THORNS FEET ITIS PINCHED NERVE IN WRISK MINOR ARTHRITIS HEPITITIS LIVER DISEASE BLOOD INFECTION EMOTIONMENTAL HEART ACHE PAIN AND SUFFERING; I THE PLAINTIFF RECEIVE NO MEDICAL AND AM AFRAID OF THE NEXT STEP BUT PUTS HIS TRUST IN GOD AND PREY FOR ANOTHER BETTER DAY WITHOUT ANY MIZERY BONES RUBBING TOGETHER CAUSING THEM TO DETERIORATE So MUCH I THE AM FACING HAVING TO DEAL WITH THESE DISEASES WITH NO REAL MEDICAL TREATMENT I THE PLAINTIFF AM HURTING EXCRUCIATELY PAIN INHUMANE

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. I THE PLAINTIFF AM REQUESTING 40 MILLION DOLLARS AND A PARDON OF HIS CURRENT CHARGES COMMITTED SEPTEMBER 26, 2023 A PROTECTION ORDER TO BE GRANTED EMERGENCY ACTION NECESSITATING $750,000

Case 1:23-cv-00974-LCB-LPA   Document 2   Filed 11/09/23   Page 5 of 29

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

**DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER**

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

_____

2.  What did you claim in your grievance?

_____

3.  What was the result, if any?

_____

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:

        I THE PLAINTIFF WAS UNDER WATCH AND THE GRIEVANCE PROCEDURE IS DIGITAL GAURDS DID NOT LET I THE PLAINTIFF OUT TO DO ANYTHING NORMALLY MAKE PHONE CALLS OR ANYTHING TO GRIEVE I THE PLAINTIFF SITUATION

      2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

i THE PLAINTIFF AM IN IMMINANT DANGER AT RISK OF BEING IRRAPARABLY HARMED

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  ANDERSON

Defendant(s)  FERGUSON

2.  Court *(if federal court, name the district; if state court, name the county and State)*

MIDDLE

3.  Docket or index number

1:20 cv 596

4.  Name of Judge assigned to your case

AULD

5.  Approximate date of filing lawsuit

06 20, 2020

6.  Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

APPEALED

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)    ANDERSON

   Defendant(s)    GOODSUM

2. Court *(if federal court, name the district; if state court, name the county and State)*

   WESTERN

3. Docket or index number

   1:23 cv 108

4. Name of Judge assigned to your case

   MOC

5. Approximate date of filing lawsuit

6. Is the case still pending?

   ☑ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   PENDING

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: NOVEMBER 7, 2023

| | |
|---|---|
| Signature of Plaintiff | Albert Marquavious lamar Anderson |
| Printed Name of Plaintiff | Albert Marquavious Lamar Anderson |
| Prison Identification # | 1289734 |
| Prison Address | Foothills Correctional Institution |
| | Morganton     NC     28655 |
| | *City*     *State*     *Zip Code* |

### B. For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | *City*     *State*     *Zip Code* |
| Telephone Number | |
| E-mail Address | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT

Albert Marquavious Lamar Anderson

1289734

PLAINTIFF

v

Novant Health

DEFENDANTS

FILED
NOV 0 9 2023
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By

CIVIL Action

No, _____

COMPLAINT

---

THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES, THE COURT HAS JURISDICTION UNDER 28. U.S.C SECTION 1331 AND 1343 (a)(3), PLAINTIFF ANDERSON SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202, PLAINTIFF ANDERSON'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTIONS 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE, THE NOVANT HEALTH HOSPITAL OF FORSYTH COUNTY IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENT GIVING RISE TO THIS CLAIM OCCURED,

## B1. DEFENDANT(S)

1) NOVANT HEALTH, HOSPITAL

   FORSYTH COUNTY 27101

   BEING SUED IN OFFICIAL CAPACITY

2) DAVIE COUNTY SHERIFF'S OFFICE,

   ADDRESS UNKNOWN

   BEING SUED IN OFFICIAL CAPACITY

3) DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER, JAIL

   ADDRESS UNKNOWN

   BEING SUED IN OFFICIAL CAPACITY

4) DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTERS MEDICAL PROVIDER

   ADDRESS UNKNOWN

   BEING SUED IN BOTH

5) JOHN DOE, CHIEF OF SHERIFF'S

   DAVIE COUNTY SHERIFFS OFFICE

   BEING SUED IN BOTH

6) JONES, SHERIFF

   DAVIE COUNTY SHERIFF'S OFFICE

   BEING SUED IN BOTH


7) McMILLAN, SHERIFF

   DAVIE COUNTY SHERIFF'S OFFICE

   BEING SUED IN BOTH


8) ALEXA, NURSE

   NOVANT HEALTH HOSPITAL

   BEING SUED IN BOTH


9) JOHN DOE 1, DOCTOR

   NOVANT HEALTH HOSPITAL

   BEING SUED IN BOTH


10) JOHN DOE 2, DOCTOR

    NOVANT HEALTH HOSPITAL

    BEING SUED IN BOTH


11) JOHN DOE 3, DOCTOR LEED

    NOVANT HEALTH HOSPITAL

    BEING SUED IN BOTH

12) WILLIAMS, SECURITY GAURD

    NOVANT HEALTH MEDICAL CARE

    BEING SUED IN BOTH


13) DAVIE COUNTY PAROLE OFFICE, PROBATION AND PAROLE

    ADDRESS UNKNOWN

    BEING SUED IN OFFICIAL CAPACITY


14) JOHN DOE 5, PROBATION OFFICER

    ADDRESS UNKNOWN

    BEING SUED IN BOTH


15) JOHN DOE 6, PAROLE CASE ANALIST

    ADDRESS UNKNOWN

    BEING SUED IN BOTH


16) JANE DOE 1, NURSE

    DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER

    BEING SUED IN BOTH


17) JANE DOE 2, CAPTAIN

    DAVIE COUNTY JAIL

    BEING SUED IN BOTH

18) JANE DOE 3, OTRASOUND NURSE

NOVANT HEALTH

BEING SUED IN BOTH

1) On September 26, 2023 1 the Plaintiff was Enrolled into the Davie County Law Enforcement Detention Center without being Properly Screened by Medical nurse Jane Doe 1 For injuries Protruding From 1 the Plaintiff's hands, Arms, And Cranial Area which was Against the Policy and Procedures Manual. SEE Roe V. Elyea 631 F.3d 843 (7th Cir 2011)

2) This Denial of Medical Care was a clear indication of the Medical Providers Deliberate indifference To 1 the Plaintiff's Serious Medical Needs, And Infact discrimination on the basis of Race And Physical Ability and a Violation of the initiation code of care Policy SEE Estelle 429 U.S. at 104-05 United States v. DeCologero, 821 F.2d 39 43 (1st Cir 1987)

3) 1 the Plaintiff had been Tangled Amongst Titanium Bob wire, Suffering From a Busted Knee Cap, Pierced From Thorns Tip Toeing Shoeless into Davie County Law Enforcement Detention Center's Lobby To be Provided the Bare Minimum of Medical Treatment Prescribed To the Dispicable SEE McRaven V. Sanders 577 F.3d 974 (8th Cir 2009)

4) Davie County Detention Centers Procedures Manual Allowed its Medical Model To Provide Custodial Duties inconsiderate in Regaurds To Health Care Services Due to the Training of Jane Doe 1 1 the Plaintiff Suffered And Developed Hepatitis From An Insufficient screening process SEE Brown V. Johnson 387 F.3d 1344 (11th Cir. 2004) (SEE) Hutto V. Finney 437 U.S. 678 (1978)

5) I The Plaintiff became infected when Davie County Detention Centers Healthcare Professional refused to follow the proper steps needed to prevent the spread of blood-borne infections, The Actions of Jane Doe.1 were Detrimental and caused by virtue of her offices Policy & Procedures Manual see Allah V. Thomas, 679 F. App'x 216, 220-21 (3d Cir 2017)

6) Davie County Detention Centers medical provider denied I the Plaintiffs testing for TB, HIV, High Blood Pressure, Diabetes, Vaccinations, and Periodic Health Assessment to determine the type of care needed to house I the Plaintiff for hepatitis see Estelle V. Gamble 429 U.S. 97 103 (1976)

7) The most common effective method of fighting disease control prevention threwout a facility is treating the matter as the material presents itselfs. see Ancata V. Prison Health Servs, Inc, 769 F.2d 700, 704 (11th Cir 1985)

8) After inadequate screening and insufficient processing protocol, I The Plaintiff was placed on 23 hour lock down in cell 26 and let out one hour everyday except Thursday which was approximately 24 hrs in the room with no medical treatment see Scott V. Ambani 577 F.3d 642 (6th Cir 2009)

9) SOMETHING BECAME WRONG WITH THE FILTERING SYSTEM DUE TO A SUEDGE LEAK, IN WHICH THE WATER TURNED GREEN CAUSING 1 THE PLAINTIFF TO HULLUSINATE, DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTERS MULFUNCTION POISIONED 1 THE PLAINTIFF. SEE BELL V. WOLFISH 441 U.S. 520 (1979)

10) THE FACILITIES WATER BEGAN TO EFFECT 1 THE PLAINTIFF PHYSICALLY, MENTALLY, AND EMOTIONALLY, IN WHICH 1 THE PLAINTIFF'S MENTAL HEALTH BECAME MORE AFFECTIVE CAUSING UNCONTROLABLE CHARACTERISTICS FROM THE POLLUTED SUEDGE WATER OF DAVIE COUNTY DETENTION CENTER SEE HELLING V MCKINNEY 509 U.S. 25, 33 (1993)

11) THE ACTIVITY OF 1 THE PLAINTIFF BEING POISIONED IS SUPPORTED BY CAMERA FOOTAGE, BUT IS UNKNOWN TO 1 THE PLAINTIFF OF WHAT ALL ACCURED IN THE MAIN HOLDING CELL OF DAVIE COUNTY DETENTION CENTERS PASSIVELY STRUCTURAL CONTAGIOUSNESS, ACTING UNDER THE COLOR OF STATE LAW BY PRISON OFFICIALS, COMMONLY

12) DEFENDANTS WHO'S NAMES ARE UNKNOWN BEGAN TO PAINT AN ILLUSION INTRICATELY CONNECTED TO 1 THE PLAINTIFF'S BRAIN WHILE MAKING SOUND, A TYPE OF ENERGY MADE BY VIBRATIONS WHICH SHIFTED 1 THE PLAINTIFF'S EQUILIBRIUM MAKING IT PAINFUL TO HEAR AND FUNCTION REGULARLY SEE MONELL V NEWYORK CITY DEP'T OF SOCIAL SERVICES 436 U.S. 658 (1978)

13) DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER POSSESSED A DEVICE THAT WAS CRUCIAL TO AN EAR DRUM BALANCE, TOTALLY DISTROID THE SOUND FREQUENCIES OF ONES CANALS, AND CONTAINED A POWERFUL FORCE FOR PAIN AND SUFFERING THIS WHISTLE WAS THE IGNITIATION OF A CAMPAIGN OF HARASSMENT "

14) THIS FLOOTE LIKE INSTRUMENT SEEMED TO BE APART OF THE FACILITY LIKE A HUKA AT AN INDIAN CIRCLE, AND WAS VERY DISTERVING TO THE EAR LOBES, I THE PLAINTIFF COULD NOT MAKE OUT WHETHER THE FACILITY BLOWED THE DEVICE, OR PLAYED IT LIKE A PIANO BUT IT WAS VERY LOUD SEE CALHOUN V. HARGONE 312 F.3d 730 (5th CIR. 2002)

15) DURING THE 24 HR CONFINEMENT DUE TO POLICY AND PROCEDURE OF DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER, I THE PLAINTIFF WASN'T ISSUED ANY SOCKS, COVER, OR PILLOW, AND WASN'T ALLOWED TO TAKE A SHOWER FOR LONG PERIODS OF TIME, AND ONLY AFFORDED A MATTRESS, IN VIOLATION, IF ONE IS NOT ON SUICIDE WATCH THESE ITEMS SHOULD BE RENDERED,

16) DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTERS POLICY AND PROCEDURES MANUAL MOVED THE CAPTAIN OF THE FACILITY TO UNWANTONLY WASH I THE PLAINTIFF'S STREET CLOTHES IN HIS PROPERTY, THAT WAS BEING USED FOR EVIDENCE IN I THE PLAINTIFF'S CRIMINAL CASE AND CIVIL ACTION

17) I THE PLAINTIFF DID NOT CONFIRM FOR THE CAPTAIN JANE DOE 2 TO WASH I THE PLAINTIFF CLOTHES, THIS WAS A SELF ORGASTRATED ACTION WITHOUT ANY CONSIDERATION AND AGAINST POLICY AND PROCEDURES MANUAL TO WASH THE CLOTHES IN AN INMATES PROPERTY WITHOUT CONSENT.

18) JANE DOE 2 TOOK MATTERS INTO HER OWN HANDS BY WASHING AWAY A VERY IMPORTANT FACTOR IN I THE PLAINTIFF'S LEGAL CLAIM AND CRIMINAL DEFENSE, WHAT COULD HAVE BEEN USED AS EVIDENCE HAS NOW VANISHED LIKE THE PROOF THAT I THE PLAINTIFF BLED PROFUSELY SEE EDMO V. CORIZON INC 935 F.3d 757 765 (9TH CIR. 2019)

19) THE CAPTAIN JANE DOE 2 ILLEGALLY PARTICIPATED IN WHAT I THE PLAINTIFF CALLS A SCANDEL, TO PROTECT DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTERS BOTTOM LINE, IN WHICH SHE WAS WILLING TO DO WHATEVER IT TOOK TO HIDE THE EVIDENCE

20) I THE PLAINTIFF'S CLOTHES WERE SOAKED IN BLOOD AS IF I THE PLAINTIFF HAD TOOK A DIVE INSIDE OF A BLOODBATH THERE WERE MULTIPLE BLOODCLOTS WOVEN INTO I THE PLAINTIFF'S LEVI JEANS AND I THE PLAINTIFF FREQUENTLY BLEED THREWOUT THE WHOLE PROCESSING COURSE SEE SMITH V. CARPENTER, 316 F.3d 178 (2d CIR 2003)

21) On or about October 1st 2023 Defendants Deputy Jones and Deputy McMillan used Excessive Force to compell I the Plaintiff to take a ride to Novant Health for Evaluation in which the Excessive Force lasted the entire examination, as Defendant McMillan continued to touch I the Plaintiffs Private Part (SEE) Hudson V. McMillan 503 U.S. 1 (1992)

22) I the Plaintiff was taken to the Novant Health Hospital for Full testing which included an X-Ray, Otrasound, Bloodwork, Urination, Cat Scan, and Psychiatric Assessment

23) During the wait I the Plaintiff was not given the option to use the Rest Room (in which I the Plaintiff defeicated and urinated on myself reputiciously from the serious health problems of Hepatitis) by Defendant Deputy Jones and Deputy McMillan of Davie County Sheriffs Office

24) Defendant Chief Sheriff John Doe is the Director of Davie County Law Enforcement Detention Center, he is legally responsible for the Overall Operation of the Department and each institution under its Jurisdiction including the Davie County Sheriffs Office

25) DEFENDANT CHIEF SHERIFF JOHN DOE IS THE CHEIF OF THE SHERIFFS OFFICE AND SUPERINTENDENT OF DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER, HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER / SHERIFF'S OFFICE AND FOR THE WELFARE OF ALL THE INMATES IN THAT JAIL,

26) DEFENDANT DEPUTY JONES AND DEPUTY MCMILLAN IS A CORRECTIONAL OFFICER OF THE NORTH CAROLINA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF SHERIFF'S AND WAS ASSIGNED TO DAVIE COUNTY LAW ENFORCEMENT DETENTION CENTER

27) EACH DEFENDANT ISSUED INDIVIDUALLY AND IN HIS [OR HER] OFFICIAL CAPACITY, AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW SEE MONROE V PAPE 365 U.S. 167 (1961)

28) AFTER ARRIVING TO NOVANT HEALTH MEDICAL CENTER PEDESTRIANS BEGAN TO SIGN LANGUAGE AND INFORM I THE PLAINTIFF THAT SOMETHING WAS WRONG AND THAT THERE HAD BEEN SOME TYPE OF REHERSEL OF WHAT WAS TO HAPPEN BEFORE I THE PLAINTIFF HAD ARRIVED SOMETHING UNDER THE GUIDELINES OF A TRADITIONAL STATE FUNCTION

29) THIS WHICH WAS TO BE PERFORMED ALERTED I THE PLAINTIFF TO PUT UP A GUARD AND BE OFFENSIVE TO THE OPERATIONS OF NOVANT HEALTH, WHO IS A DEFENDANT IN THIS ACTION (SEE) GIRON V CORRECTIONS CORPORATION OF AMERICA 14 F. SUPP. 2d 1245 (D.N.M. 1998)

30) I THE PLAINTIFF WAS PLACED IN SERIOUS DANGER BY NOVANT HEALTH HOSPITAL DURING THE TIME OF BRUTALITY DEFENDANTS TOOK I THE PLAINTIFF INTO A SMALL ROOM WITH TWO CAMERA'S INSTALLED INTO EACH SIDE OF THE CEILING, BY POLICY AND PROCEDURE OF NOVANT HEALTH THESE CAMERA'S WERE NOT WORKING,

31) I THE PLAINTIFF ADMITIATLY ASKED JOHN DOE 1 WAS THOSE CAMERA'S WORKING RIGHT NOW, IN WHICH HE REPLIED THERE NOT WORKING WHICH IS IN VIOLATION OF THE NOVANT HEALTH SAFE WATCH SURVEILLANCE POLICY. WHICH ASSURES THAT THE CAMERA FOOTAGE OF THE FACILITY WILL BE OPERATING AT ALL TIMES

32) THERE WAS A BELT AROUND I THE PLAINTIFFS WAIST THAT WAS ATTACHED TO I THE PLAINTIFFS HANDCUFF'S DEFENDANT DEPUTY MCMILLAN ATTACHED ANOTHER PAIR OF HANDCUFFS ON I THE PLAINTIFF, THAT DIDNT DOUBLE LOCK AND TIGHTENED UP ON THERE OWN IN RESULT OF ANY MOTION WHICH DID NOT SURVIVE THE 2 FINGER PROCEDURE VIOLATING MY EIGTH AMENDMENT ARTICLE 5 THREW THE SHERIFF'S OFFICE HAZARDOUS HANDCUFF SUPPLY

41) WHEN TESTING CAME BACK FROM I THE PLAINTIFF'S BLOOD IT WAS
FOUND TO BE INFECTED, WITH WHITE BLOOD CELL SHOWING MORE
THEN RED, I THE PLAINTIFF RECEIVED NO TREATMENT FOR THOSE RESULTS
FROM DEFENDANT ALEXA, OR ANY OTHER DEFENDANT BY VIRTUE OF NOVANT HEALTHS
POLICY AND PROCEDURE 5 POINT PURITY PLEDGE PROMISE PROCEDURE

42) I THE PLAINTIFF SUFFERED A CHRONIC LIFE-THREATENING ILLNESS THAT
WAS LEFT UNTREATED IN VIOLATION OF NOVANT HEALTHS CODE OF CARE
POLICY, ESTABLISHING THE IMPORTANCE OF TREATMENT, MAINTAINING
PATIENTS HEALTHCARE, AND ASSURING ADEQUATE MEDICAL ATTENTION
(SEE) Jett v Penner 439 F.3d 1091, 1096 (9th CIR. 2006)

43) NOVANT HEALTHS POLICY AND PROCEDURES MANUAL IS THE REASON WHY I
THE PLAINTIFF WAS DISCHARGE FROM ITS HOSPITAL WITHOUT TREATMENT
FOR INFLAMMATION OF THE LIVER, BLOODINFECTION, AND HEPITITIS (SEE)
UNITED STATES V. DECOLOGERO, 821 F.2d 39, 43 1st CIR (1987)

44) AN OTRASOUND WAS CONDUCTED OF I THE PLAINTIFF'S STOMACH WHICH
SHOWED INFLAMMATION OF THE LIVER A BAD KIDNEY AND MANY OTHER
THINGS GONE UNNOTICED BY JANE DOE 3's TRAINING FROM NOVANT HEALTHS
STRATEGY AND STRUCTURE OF POLICY, THOSE LIFE-THREATENING DISEASES BY
BY CHOICE WERE OVERLOOK BY THE PROCEDURES PAST DOWN TO JANE DOE 3 (SEE)
CHANCE V ARMSTRONG 143 F.3d 698, 703 (2d CIR. 1998)

45) BY THE HEALTHCARE PROFESSIONAL RESPONSIBLE FOR MANDATING DISEASE
CONTROL PREVENTION AS OTRASOUND JANE DOE 3 SURFACED PLAINTIFF'S
BELLY THE PLAINTIFF COULD SEE HIS INSIDES AS JANE DOE 3 PAUSED
IN SHOCK AT THE PLAINTIFF'S LIVER AND KIDNEY'S WHICH I THE PLAINTIFF
BELIEVES TO HAVE SHOWN AN INDICATION TO BE FAILING,

46) BECAUSE I THE PLAINTIFF'S DISEASE HAS BEEN LEFT UNTREATED I
THE PLAINTIFF HAVE DEVELOPED CHRONIC LIFELONG ILLNESS INCLUDING
LIVER DISEASE AND POSSIBLY LIVER FAILURE, WHICH EFFECTS I
THE PLAINTIFF PHYSICALLY AND EMOTIONALLY IN WHICH I AM HOLDING
NOVANT HEALTH ACCOUNTABLE FOR INADEQUATE MEDICAL TREATMENT (SEE
Ancata V Prison Health Servs Inc 769 F. 2d 700 704 (11th Cir 1985)

47)
ON OCTOBER 5th 2023 AT THE DAVIE COUNTY LAW ENFORCEMENT DETENTION
CENTER I THE PLAINTIFF WAS SCHEDULED FOR A PROBATION HEARING
CONDUCTED BY DEFENDANT JOHN DOE 5 AND JOHN DOE 6 OF THE DAVIE
COUNTY PROBATION PAROLE OFFICE

48) DURING THIS HEARING DEFENDANTS JOHN DOE 5 & JOHN DOE 6 BY PROCEDURE
GAVE I THE PLAINTIFF HIS OPTION TO REMAIN IN THE COUNTY JAIL
UNTIL CHARGES WERE OVER OR ACTIVATE THE 9 MONTHS POST RELEASE
AS I THE PLAINTIFF HAVE NOT BEEN VIOLATED AS OF NOV 6, 2023
BUT HAVE ILLEGALLY BEEN SENT TO PRISON BEING HELD WITHOUT RELEASE DATE

49) These sworn documents that possess I the Plaintiff's signature stating the denial of revocation are stored in Probation Parole offices data base and by Policy and Procedures of Davie County Parole office it is illegal to send I the Plaintiff to Prison without being violated

50) Davie County Probation Parole office procedure manual false imprisionment I the Plaintiff with an intention to satisfy a mutual aid agreement connected between Davie County Law Enforcement detention center Davie County Parole office and Foothills Correctional Institution

51) On October 6th 2023 defendant Deputy Jones and Deputy McMillan entered the Davie County detention centers main holding cell and demanded I the Plaintiff wake up to be illegally transported to Prison by force of the Defendants

52) By witnessing defendants Deputy Jones and Deputy McMillans illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, defendant John Doe 5 & John Doe 6 is also violating Plaintiff Anderson's Rights under the Eighth Amendment to the United States Constitution and causing Plaintiff Anderson Pain, suffering, & physical injury

## Prayer For Relief

WHEREFORE, Plaintiffs Respectfully Pray That This Court Enter Judgment:

53) Granting Plaintiff Anderson A Declaration that The Acts And Omissions Described Herein Violate His Rights Under The Constitution And Laws Of The United States, And

54) A Preliminary And Permanent Injunction Ordering Defendants To Cease Their Physical Violence And Threats Towards Plaintiff Anderson, And

55) Granting Plaintiff Anderson Compensatory Damages In The Amount Of $150,000 Against Each Defendant, Jointly And Severally

56) Plaintiff Seeks Nominal Damages And Punitive Damages In The Amount $200,000 Against Each Defendant Jointly And Severally,

57) Plaintiff Also Seek A Jury Trial On All Issues Triable By Jury,

58) Plaintiff Also Seek Recovery Of The Cost In This Suit

59) i The Plaintiff Seeks 40 Million Dollars In Total, and

ANY Additional Relief This Court Deems Just, Proper, And Equitable

DATED: NOVEMBER 7th 2023

RESPECTFULLY SUBMITTED, Albert Anderson

1289734

FOOTHILLS CORRECTIONAL INSTITUTION

5150 WESTERN AVE

MORGANTON NC 28655

VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED

THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND,

AS TO THOSE, I BELIEVE THEM TO BE TRUE, I CERTIFY UNDER PENALTY OF PERJURY

THAT THE FOREGOING IS TRUE AND CORRECT,

EXECUTED AT MORGANTON, NORTH CAROLINA ON NOVEMBER 7, 2023

Albert Anderson
Albert Anderson