IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT MARQUAVIOUS LAMAR ANDERSON, )
)
Plaintiff, )
)
v. ) 1:23CV974
)
NOVANT HEALTH, et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but did not use the form approved for prisoners by this Court. Consequently, he did not provide necessary information related to deposits into his prison trust account. The Clerk will provide the proper form so that Plaintiff can list this information.

2. Plaintiff's claims are unclear and significant issues exist with many of them. Plaintiff attempts to bring claims against a hospital which provided him treatment after jail staff took him to the hospital. He also names several of its staff as Defendants. However, defendants in suits under § 1983 must be state actors. Hospitals and their employees are not ordinarily state actors simply because they treat an inmate and the Complaint sets out no facts to support a conclusion that the present Defendants related to the hospital were state actors when treating Plaintiff. See Howard v. Humphrey, No. 5:17-CT-03123-D,

2018 WL 4137071, at *2 (E.D.N.C. Feb. 14, 2018) (unpublished) (citing cases), report and rec. adopted 2018 WL 4113344 (E.D.N.C. Aug 28, 2018) (unpublished). Plaintiff also names several Defendants related to the Davie County Jail. At least some appear to have been named based on their position as supervisors. However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). In other claims, Plaintiff appears to attack the validity of his present incarceration. However, he cannot do this in an action under § 1983. Plaintiff also attempts to base some claims on local or state policies, which is not proper in an action under § 1983. He must base any claims on alleged violations of rights established by federal law. Plaintiff's remaining claims appear unclear, conclusory, not tied to any particular named Defendant, and/or delusional. In particular, the last category includes allegations that Plaintiff's mind was poisoned by unidentified persons using contaminated green water and that the Davie County Jail possessed a flute-like instrument that seemed to be a part of the facility. It was played either by blowing or like a piano, and allegedly produced a noise that affected Plaintiff's ear drum balance and caused great pain and suffering for him. Plaintiff must make his claims clear, set out all supporting facts, relate them to named Defendants, and not include delusional allegations.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

Plaintiff also filed a Motion (Docket Entry 3) seeking an appointment of counsel in this case. That Motion will be denied without prejudice in light of the recommendation of dismissal.

-2-

Case 1:23-cv-00974-LCB-LPA    Document 4    Filed 11/30/23    Page 2 of 3

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied without prejudice.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 30th day of November, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**